**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Haven Prescott, | : |
| Plaintiff, | : Civil Action No.: 1:13-cv-11559 |
| v. | : |
| Associated Credit Collection Bureau, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, Haven Prescott, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA"), and the invasions of Plaintiff's personal privacy in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Haven Prescott ("Plaintiff"), is an adult individual residing in Chelsea, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Associated Credit Collection Bureau, Inc. ("Associated"), is a Florida business entity with an address of 975 Eyster Boulevard, Suite 3-1, Rockledge, Florida 32955, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Associated

and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Associated at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,000.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Associated for collection, or Associated was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Associated Engages in Harassment and Abusive Tactics

12. In or around April 2013, Associated began placing daily calls to Plaintiff's cell phone in an attempt to collect the Debt.

13. In addition, Associated mailed Plaintiff a letter requesting a payment. The letter failed to inform Plaintiff of his rights under the state and federal laws, including the right to dispute the Debt.

14. During the initial telephone communication Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

15. Defendants' representative Mr. Phillip threatened to have Plaintiff jailed if he failed to pay the Debt.

16. On at least two occasions, Defendants left voice messages for Chief Information Officer (CFO) at Plaintiff's workplace instructing CFO to have Plaintiff return Defendants' call immediately with regards to a severe credit related matter. The foregoing caused great deal of embarrassment to Plaintiff and led CFO to question Plaintiff's character.

### C. Plaintiff Suffered Actual Damages

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at his place of employment, knowing that Plaintiff's employer prohibited such communications.

22. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

23. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

24. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with imprisonment if the Debt was not paid.

26. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

28. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send Plaintiff a validation notice stating Plaintiff's right to dispute the Debt within thirty days.

30. Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send Plaintiff a validation notice informing Plaintiff of a right to have verification and judgment mailed to Plaintiff.

31. Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send Plaintiff a validation notice stating Plaintiff's right to request the name and address of the original creditor.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36. Massachusetts further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

37. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with numerous calls.

38. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

40. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 1, 2013

Respectfully submitted,

By  */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff